OF

## THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA,

JANUARY TERM, 1831.

---

### DEWOODY *versus* HUBBARD.

A deed of trust of personal estate, regularly executed and recorded, for the benefit of a creditor, will not be deemed invalid, merely for the want of the signature of the trustee.

This was an action, under the statute, to try the right of property to certain slaves, which had been levied on, at the suit of the defendant in error, as of the estate of one Campbell. On a trial had in the Circuit Court of Lawrence, the plaintiff in error produced a deed of trust, in evidence, which had been executed to himself, as trustee, by Campbell, to secure debts due to one Dickson.

The Court instructed the jury, that the deed, not having been signed by the trustee, was void, and passed no title in the property conveyed: on which charge, a verdict was rendered, subjecting the property to Hubbard's execution. Dewoody having excepted, brought the case here for revision.

2

W. B. *Martin*, for Plaintiff.—*Hopkins, contra.*

PERRY, J.—The proceedings in this case, were had under the statute regulating the trial of the right of property, levied on by execution; and it appears from the record, that an execution had issued in favor of the defendant in error, on the 28th day of June, 1827, against one Argyle Campbell, and others, for the sum of seven hundred and eighty-seven dollars and thirty-two cents debt, and nineteen dollars sixty-eight and three-fourths cents costs; which was levied on several slaves, as the property of said Campbell. The property was claimed by Dewoody, and a trial had in the Court below, and the jury found the property subject to execution. Dewoody, the plaintiff in error, offered as evidence, in the Court below, to sustain his claim, a deed of trust made to him; in which the slaves levied on were conveyed to him, for the purpose of securing a debt, due to R. & W. Dickson, amounting to upwards of one thousand dollars. Dewoody had not signed the deed; but the same was proven or acknowledged in the County Court on the 22d day of January, 1827, and ordered to be certified for registration; and it was recorded on the 10th day of March, 1827. The Court charged the jury, that in consequence of said deed not being signed by said Dewoody, the trustee named in said deed, it was void; to which opinion Dewoody excepted, and is the only error assigned for the consideration of this Court; and presents the question—is the deed valid without the signature of the trustee? We are of opinion it is, from the very nature of contracts and conveyances of this description. But it is contended on the part of the defendant,

that the want of the signature of the trustee is evidence of the want of his assent to the trust reposed in him ; and without his assent, there could be no conveyance to him.

In answer to this proposition, it may be observed, that courts always presume the consent of parties to a deed and in this case the presumption is irresistible; because we find the deed recorded and the trustee claiming the property; but should the trustee ever have refused to act, or to execute the trust, a Court of Chancery would compel him to do so, or appoint another in his stead. This principle was decided in the case of *Marbury* vs. *Brooks.*[a] It is also laid down in 2 *Kent's Commentaries,* as a principle not now controverted, that the legal estate passes and vests in the trustee, and a Court of equity will compel the execution of the trust, for the benefit of the creditors; clearly recognising the principle, that Chancery will execute the trust, whether the trustee has ever assented to act or not. His assent, therefore, must be wholly immaterial, as the rights of creditors would be protected through some other person that the Court would appoint for that purpose.

[a] 7 Wheat. Rep. 556.

No other objection having been taken to the deed, The Court erred in excluding it from the jury ; the judgment is therefore reversed and the cause remanded.

TAYLOR, J. not sitting.